**ZADEH v. UNITED STATES.**
Congressional No. 5–52.

United States Court of Claims.
March 18, 1953.

J. Edward Burroughs, Washington, D. C., for plaintiff.

E. Robert Seaver, Kansas City, Mo., Warren E. Burger, Asst. Atty. Gen., J. Frank Staley, Washington, D. C., on the brief, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

JONES, Chief Judge.

This is a Congressional reference case arising from H.R.8159, 82d Congress, and referred to the court by H.Res. 685, 82d Congress, pursuant to 28 U.S.C. §§ 1492 and 2509, directing us to "proceed expeditiously * * * in accordance with the said sections and report to the House, at the earliest practicable date, giving findings of fact and conclusions thereon as shall be sufficient to inform Congress of the nature and character of the demand, as a claim legal or equitable, against the United States, and the amount, if any, legally or equitably due from the United States to the claimant."

The case is before us under Rule 16(d) of this court, 28 U.S.C., which provides for the determination of jurisdictional questions prior to the taking of evidence, upon defendant's contention that we are without jurisdiction to proceed.

The petition alleges, *inter alia*, that on February 20, 1942, plaintiff, a citizen of Iran, was the sole owner of the tanker Oilshipper then located in the port of Istanbul, Turkey. On that date the defendant seized the Oilshipper on behalf of the government of Panama and subsequently sold it to the government of Turkey for the sum of $300,000. In both the seizure and sale defendant agreed to save the governments of Turkey and Panama harmless from any claim arising from such seizure and disposition of plaintiff's tanker. The defendant still holds the sum of $300,000 paid for the tanker, but plaintiff has received no compensation whatsoever for the use or value of his tanker. Various findings of fact are then requested.

It is defendant's contention that we have no jurisdiction to render a report to Congress under Title 28 United States Code, sections 1492 and 2509 because (1) the statute of limitations in section 2501 is applicable to reports in Congressional reference cases, and (2) plaintiff failed to show that the government of Iran offers reciprocal rights to United States citizens as required by section 2502 of Title 28 United States Code. We shall deal with these propositions in turn.

On the first contention the relevant sections of Title 28 United States Code, provide:

"§ 2501. Every claim of which the Court of Claims has jurisdiction shall be barred unless the petition thereon is filed, or the claim is referred by the Senate or House of Representatives * * * within six years after such claim first accrues.

* * * * * *

"§ 1492. The Court of Claims shall have jurisdiction to report to either House of Congress on any bill referred to the court by such House * * * and to render judgment if the claim against the United States represented by the referred bill is one over which the court has jurisdiction under other Acts of Congress.

\* \* \* \* \* \*

"§ 2509. Whenever any bill, except for a pension, is referred to the Court of Claims by either House of Congress, such court shall proceed with the same in accordance with its rules and report to such House, the facts in the case, including facts relating to delay or laches, facts bearing upon the question whether the bar of any statute of limitations should be removed, or facts claimed to excuse the claimant for not having resorted to any established legal remedy.

"The court shall also report conclusions sufficient to inform Congress whether the demand is a legal or equitable claim or a gratuity, and the amount, if any, legally or equitably due from the United States to the claimant."

Under the terms of reference in H.R. 8159 and H.Res. 685, we are not required to determine the question of possible bars to the jurisdiction of this court to render final judgment in the matter before us. The sole issue is whether or not the statutes quoted above preclude the submission of a report of findings of fact to the House of Representatives.

It is defendant's contention that the limiting effect of section 2501 should be applied with the same severity to Congressional reference matters requiring only a report to one House of Congress as is applicable to claims before us for final determination and the rendering of judgment. This is urged despite the express requirement of section 2509 that reports on any bill referred to the court under that section should include " * * * facts bearing upon the question whether the bar of *any*

statute of limitations should be removed * * *." [Italics added.]

It was a Chief Justice of the Court of Claims, William A. Richardson, who first suggested to Congress, in 1882, that this court might be of assistance to it in determining claims outside the court's general jurisdiction. In the next Congress the Bowman Act was passed, later enlarged by the Tucker Act, authorizing either House of Congress to refer a claim to the Court of Claims to ascertain the facts and advise Congress relative thereto. Although the Court of Claims has always held to the view that it is a court created under Article III of the Constitution, and although the Supreme Court had held it to be such a court until the decision in the Williams case in 1933, Williams v. U. S., 289 U.S. 553, 53 S.Ct. 751, 77 L.Ed. 1372, there has never been an instance where the court has even demurred at rendering such reports to Congress. It is inconceivable that it should do so in the future.

We are unimpressed by defendant's argument regarding waiver of the statute of limitations by only one House of Congress. While it is evident that one House cannot waive the statute where such statute is a bar, in view of our conclusion that it is not a bar to reports under section 2509, any discussion of waiver is inapposite.

Defendant further contends that section 2502 of Title 28 United States Code, deprives the court of jurisdiction to investigate and report to the House. This section provides:

"Citizens or subjects of any foreign government which accords to citizens of the United States the right to prosecute claims against their government in its courts may sue the United States in the Court of Claims if the subject matter of the suit is otherwise within such court's jurisdiction."

The necessity of showing reciprocity as a prerequisite for the maintenance of a suit in this court by an alien, where final determination and judgment are sought, is beyond question, and we have so held.

Aktiebolaget Imo-Industri v. United States, 54 F.Supp. 844, 101 Ct.Cl. 483. However, such cases are inapplicable to the instant case. Section 2509, supra, directs that the report to the House include "* * * facts claimed to excuse the claimant for not having resorted to any established legal remedy." Assuming, arguendo, that plaintiff cannot establish the reciprocity which is a prerequisite to this court's taking jurisdiction for final determination and judgment on his claims, surely the existence of such a defect is precisely the type of "facts claimed to excuse the claimant for not having resorted to any established legal remedy" to which the statute addresses itself. Congressional knowledge of such fact is certainly essential to effective legislative relief. Manifestly, the court cannot report authoritatively on this issue of reciprocity without conducting a hearing.

Upon careful reading of the statute as a whole in the light of prior constructions of similar provisions by the court, we regard it as apparent that the primary purpose of section 2509 is to provide judicially determined facts to the Congress for its use in deciding whether or not certain private claims warrant legislative relief, including the waiver of certain defenses otherwise available to the United States. Under defendant's construction of the statute the Congress would be required to waive the defenses prior to an ascertainment of the facts. We are not convinced that such a result was intended by the legislature nor required by the language of the statute. The House Resolution refers this matter to us for such action as the court may take in accordance with sections 1492 and 2509; a mere dismissal will not accomplish this. This matter is accordingly referred to a commissioner of the court for the hearing of evidence in order that the required report may be prepared and transmitted to the House of Representatives.

It is so ordered.

HOWELL, MADDEN, WHITAKER, and LITTLETON, Judges, concur.